IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA



RECEIVED
APR 0 1 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:10-CR-040 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| ROBERT LEE BIERMAN, | ) | T. 18 U.S.C. § 371 |
| THOMAS J. McCARVILLE, and | ) | T. 26 U.S.C. § 7206 |
| THOMAS M. ROSSOW, | ) | |
| | ) | |
| Defendants. | ) | |

**THE GRAND JURY CHARGES:**

Introductory Allegations

**PARTIES AND ENTITIES**

1. At all times relevant to this Indictment, defendants ROBERT LEE BIERMAN, THOMAS J. MCCARVILLE, and THOMAS M. ROSSOW were residents of the Southern District of Iowa.

2. Value Marketing, Inc. (hereinafter "VMI") was a corporation doing business in the Southern District of Iowa, beginning in or about 1992. VMI was founded by defendant BIERMAN and Mark TerBeek, who each owned 45% of VMI's shares. Defendant MCCARVILLE owned 10% of VMI's shares.

3. East Central Publishing, Inc. (hereinafter "ECPI") was a corporation doing business in the Southern District of Iowa, beginning in or about 1996. ECPI was founded by defendant BIERMAN and Mark TerBeek, who each owned 25% of ECPI's shares. Defendants MCCARVILLE and ROSSOW also each owned 25% of ECPI's shares.

4. The offices for VMI and ECPI were housed at a common location. Defendant BIERMAN served as President of both entities. TerBeek served as Vice President, Secretary, and Treasurer for both entities, and served as the companies' controller and accountant.

5. Defendants MCCARVILLE and ROSSOW were employed as a salesmen for both VMI and ECPI.

6. These introductory allegations are incorporated into each of the counts of this Indictment, as if set forth fully therein.

**THE GRAND JURY FURTHER CHARGES:**

**Count 1**
**(Conspiracy)**

Beginning in or about 1997, the exact date unknown to the grand jury, and continuing until on or about May 23, 2006, in the Southern District of Iowa, and elsewhere, the defendants, ROBERT LEE BIERMAN, THOMAS J. MCCARVILLE, and THOMAS M. ROSSOW, together and with others, known and unknown to the grand jury, did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree with each other and with others known and unknown to the Grand Jury, to defraud the United States, through dishonest and deceitful means, by impeding, impairing, obstructing, and defeating the lawful functions of the United States Department of the Treasury, Internal Revenue Service, in the ascertainment, computation, assessment, and collection of federal income taxes, to wit, the federal income taxes of the defendants and their co-conspirator, Mark TerBeek, for the calendar years 1997-2005, as well as the corporate income taxes of VMI for the calendar years 1997-2005 and ECPI for the calendar years 1999-2005.

## MANNER AND MEANS

The manner and means by which the conspiracy was sought to be accomplished included, among others:

(a) During the course of the conspiracy defendants and their unindicted co-conspirator caused VMI and ECPI to issue bonus/dividend checks in the total amount of approximately $1.7 million, which they did not report as income to the Internal Revenue Service.

(b) The above payments were thereafter classified as printing expenses of VMI and ECPI and, therefore, were wrongfully classified on the corporate income tax returns for these entities. Additionally, these payments were not reported to the Internal Revenue Service on Forms W-2 or 1099 for the defendants and their co-conspirator.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of Iowa and elsewhere:

1. During each of the calendar years, 1997 through 2005, the defendant, ROBERT LEE BIERMAN, received monies in the total amount of approximately $613,575 from VMI, which payments were falsely identified as printing expenses in VMI's books and records; defendant BIERMAN failed to disclose these payments on his income tax returns for each of these calendar years.

2. During each of the calendar years, 1999 through 2005, the defendant, ROBERT LEE BIERMAN, received monies in the total amount of approximately $78,500 from ECPI, which payments were falsely identified as printing expenses in ECPI's books and records; defendant BIERMAN failed to disclose these payments on his income tax returns for each of

these calendar years.

3.  During each of the calendar years, 1997 through 2005, Mark TerBeek, an unindicted co-conspirator, received monies in the total amount of approximately $736,380 from VMI, which payments were falsely identified as printing expenses in VMI's books and records; TerBeek failed to disclose these payments on his income tax returns for each of these calendar years.

4.  During each of the calendar years, 1999 through 2005, Mark TerBeek, an unindicted co-conspirator, received monies in the total amount of approximately $78,500 from ECPI, which payments were falsely identified as printing expenses in ECPI's books and records; Mark TerBeek failed to disclose these payments on his income tax returns for each of these calendar years.

5.  During each of the calendar years, 1997 through 2005, the defendant, THOMAS J. MCCARVILLE, received monies in the total amount of approximately $161,640 from VMI, which payments were falsely identified as printing expenses in VMI's books and records; defendant MCCARVILLE failed to disclose these payments on his income tax returns for each of these calendar years.

6.  During each of the calendar years, 1999 through 2005, the defendant, THOMAS J. MCCARVILLE, received monies in the total amount of approximately $78,500 from ECPI, which payments were falsely identified as printing expenses in ECPI's books and records; defendant MCCARVILLE failed to disclose these payments on his income tax returns for each of these calendar years.

7.  During each of the calendar years, 1999 through 2005, the defendant, THOMAS

M. ROSSOW, received monies in the total amount of approximately $78,500 from ECPI, which payments were falsely identified as printing expenses in ECPI's books and records; defendant ROSSOW failed to disclose these payments on his income tax returns for each of these calendar years.

8. Mark TerBeek, an unindicted co-conspirator, prepared and signed corporate income tax returns (Forms 1120) for VMI for the calendar years 1997-2005, and for ECPI for the calendar years 1999-2005, which falsely included the above-referenced payments to the shareholders as operating expenses which, accordingly, were falsely claimed as deductions on the corporate returns. TerBeek also caused VMI and ECMI to issue Forms 1099 and W-2 for himself and the defendants indicted herein, which did not report said payments as income to the Internal Revenue Service.

9. Each of the allegations in Counts 2-10 hereinafter are incorporated and realleged herein as further overt acts.

This is a violation of Title 18, United States Code, Section 371.

**THE GRAND JURY FURTHER CHARGES:**

**Counts 2-4**
**(False Income Tax Returns--Robert Lee Bierman)**

On or about the dates listed below, in the Southern District of Iowa and elsewhere, the defendant, ROBERT LEE BIERMAN, who was a resident of Polk City, Iowa, did willfully make and subscribe U.S. Individual Income Tax Return (Form 1040) for the calendar years 2003, 2004, and 2005, each of which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which the defendant did

not believe to be true and correct as to every material matter, in that, as defendant then and there well knew and believed, the true and correct amount of defendant's total income exceeded the amount reported on Line 22 of said returns, with the filing of each such return constituting a separate count of this Indictment.

| Count | Date Filed | Return and Amount Reported |
|---|---|---|
| 2 | April 15, 2004 | U.S. Individual Income Tax Return (Form 1040) for the calendar year 2003, reporting $278,459 on Line 22. |
| 3 | April 15, 2005 | U.S. Individual Income Tax Return (Form 1040) for the calendar year 2004, reporting $305,145 on Line 22. |
| 4 | April 17, 2006 | U.S. Individual Income Tax Return (Form 1040) for the calendar year 2005, reporting $389,304 on Line 22. |

Each of the above counts is a violation of Title 26, United States Code, Section 7206(1).

**THE GRAND JURY FURTHER CHARGES:**

Counts 5-7
(False Income Tax Returns--Thomas J. McCarville)

On or about the dates listed below, in the Southern District of Iowa and elsewhere, the defendant, THOMAS J. McCARVILLE, who was a resident of Ankeny, Iowa, did willfully make and subscribe U.S. Individual Income Tax Return (Form 1040) for the calendar years 2003, 2004, and 2005, each of which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which the defendant did not believe to be true and correct as to every material matter, in that, as defendant then and there well knew and believed, the true and correct amount of defendant's total income exceeded the amount reported on Line 22 of said returns, with the filing of each such return constituting a separate count of this Indictment.

| Count | Date Filed | Return and Amount Reported |
|---|---|---|
| 5 | April 15, 2004 | U.S. Individual Income Tax Return (Form 1040) for the calendar year 2003, reporting $139,732 on Line 22. |
| 6 | April 15, 2005 | U.S. Individual Income Tax Return (Form 1040) for the calendar year 2004, reporting $164,971 [handwritten] on Line 22. |
| 7 | April 17, 2006 | U.S. Individual Income Tax Return (Form 1040) for the calendar year 2005, reporting $190,894 on Line 22. |

Each of the above counts is a violation of Title 26, United States Code, Section 7206(1).

**THE GRAND JURY FURTHER CHARGES:**

### Counts 8-10
### (False Income Tax Returns–Thomas M. Rossow)

On or about the dates listed below, in the Southern District of Iowa and elsewhere, the defendant, THOMAS M. ROSSOW, who was a resident of West Des Moines, Iowa, did willfully make and subscribe U.S. Individual Income Tax Return (Form 1040) for the calendar years 2003, 2004, and 2005, each of which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which the defendant did not believe to be true and correct as to every material matter, in that, as defendant then and there well knew and believed, the true and correct amount of defendant's total income exceeded the amount reported on Line 22 of said returns, with the filing of each such return constituting a separate count of this Indictment.

| Count | Date Filed | Return and Amount Reported |
|---|---|---|
| 8 | April 2, 2004 | U.S. Individual Income Tax Return (Form 1040) for the calendar year 2003, reporting $144,648 on Line 22. |
| 9 | February 20, 2005 | U.S. Individual Income Tax Return (Form 1040) for the calendar year 2004, reporting $156,512 on Line 22. |

| | | |
|---|---|---|
| 10 | June 2, 2006 | U.S. Individual Income Tax Return (Form 1040) for the calendar year 2005, reporting $186,632 on Line 22. |

Each of the above counts is a violation of Title 26, United States Code, Section 7206(1).

**A TRUE BILL.**

/s/
FOREPERSON

Nicholas A. Klinefeldt
United States Attorney

By: /s/Andrew H. Kahl
Andrew H. Kahl
Assistant United States Attorney